IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN C. HARRIS, : | |
|     Plaintiff : | |
|         v. : | |
| : | Civil Action No. CCB-08-3280 |
| JOHN E. POTTER, : | |
| Postmaster General, : | |
| United States Postal Service, : | |
|     Defendant : | |

...o0o...

## MEMORANDUM

Now pending before the court is defendant's motion to dismiss or, alternatively, for summary judgment. Plaintiff Kevin C. Harris ("Harris"), representing himself, has sued John E. Potter ("Potter"), Postmaster General for the United States Postal Service ("Postal Service"), for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (2006), and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* (2006), alleging employment discrimination on the basis of race, sex, retaliation, and age. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion for summary judgment will be granted.

## BACKGROUND

Harris, a 54-year old African-American man, was employed by the Postal Service as a Clerk at its Suburban Processing and Distribution Center in Gaithersburg, Maryland. After Harris was absent from work from September 15, 2005 through October 21, 2005, the Postal Service sent him a Notice of Proposed Removal on October 28, 2005, warning Harris that his job would be terminated within 30 days because of his unsatisfactory attendance during this period and four prior incidents involving poor attendance. On December 19, 2005, the Postal Service followed

up on this earlier notice with a Letter of Decision, informing Harris of its decision to remove him from service as of December 20, 2005. In this final letter, the Postal Service informed Harris of his right to file an Equal Employment Opportunity ("EEO") complaint and noted that Harris had 45 days from the date of the Letter of Decision to "bring the matter to the attention of Manager EEO Dispute Resolution." (Def.'s Mot. Dismiss Ex. 2 at 3.) The American Postal Workers Union subsequently filed a grievance on Harris's behalf and later appealed the grievance to arbitration in February 2006. The arbitrator denied the grievance on July 16, 2007 and Harris filed a request for EEO counseling on September 4, 2007 and an EEO complaint on November 13, 2007. After the Postal Service dismissed the EEO complaint, Harris appealed to the Equal Employment Opportunity Commission ("EEOC"), which affirmed the Postal Service's decision to dismiss the complaint on July 3, 2008. The EEOC then denied Harris's request for reconsideration on September 4, 2008.  Harris subsequently filed a complaint in this court on December 4, 2008, later submitting an amended complaint on February 19, 2009. Harris alleges that he was dismissed by the Postal Office because of discrimination on the basis of race, sex, retaliation, and age.

## ANALYSIS

Where matters outside the pleadings are considered by the court, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(b) & (c); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).[1]

A.  *Title VII Claims*

To assert a Title VII claim in federal court, a plaintiff must first exhaust the EEOC's administrative process.  *See Chacko v. Patuxent Inst.*, 429 F. 3d 505, 508-09 (4th Cir. 2005).

---

[1] Harris, as a pro se plaintiff, was given notice of his rights and responsibilities with regard to the motion for summary judgment filed against him in accordance with the requirements of *Roseboro v. Garrison*. *See* 528 F.2d 309, 310 (4th Cir. 1975); *see also* docket entry nos. 15 and 18.

Under EEOC regulations, federal employees are required to contact an EEO counselor within 45 days of an alleged discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). Administrative filing deadlines are treated like statutes of limitations in employment discrimination cases and, unless cause is shown to explain why the regulations were not adhered to, a failure to comply usually warrants dismissal. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113-14 (2002).

Here, Harris alleges that he was terminated from his position because of his race, sex, and "reprisal." (Am. Compl. at 2.) Although the Postal Service informed Harris of its decision to remove him from employment on December 19, 2005, Harris did not contact an EEO counselor until September 4, 2007, well more than 45 days after the alleged discriminatory act. The fact that Harris first went through his union's grievance procedure and arbitration before contacting an EEO counselor does not toll the 45-day time limit. *See Maddox v. Runyon*, 139 F.3d 1017, 1020-21 (5th Cir. 1998). Furthermore, Harris has provided no explanation for his delay in contacting an EEO counselor that would create a basis for an equitable extension. *See Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280-81 (4th Cir. 2000) ("because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action'") (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir 1987)); *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 969 (4th Cir. 1985) (finding that although EEOC time limitations "may be subject to estoppel in appropriate circumstances," the plaintiff was not "entitled to relief by virtue of estoppel for his failure to comply with the precomplaint administrative procedure"). Therefore, Harris's claims based on Title VII must fail.[2]

---

[2] Harris alleged in his EEO complaint that the Postal Service subjected him to a hostile work environment during the arbitration proceedings. However, Harris has not repeated this claim in

4

B. *ADEA Claim*

Federal employees have two options for pursuing an age discrimination claim under the ADEA. First, "[a]n individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Stevens v. Department of Treasury*, 500 U.S. 1, 5-6 (1991) (citing 29 U.S.C. § 633a(b) & (c)). Alternatively, "[a] federal employee complaining of age discrimination…does not have to seek relief from his employing agency or the EEOC at all. He can decide to present the merits of his claim to a federal court in the first instance." *Id.* at 6 (citing § 633a(d)). As discussed earlier, Harris has not properly invoked the EEOC's administrative process because of his failure to contact an EEO counselor within 45 days of his dismissal. Thus, the first route for pursuing an ADEA claim is closed to him.

The second route for presenting a claim under the ADEA in federal district court also remains closed to Harris. EEOC regulations require that federal employees pursuing this more direct option give the EEOC notice of their intent to file a civil action "within 180 days of the occurrence of the alleged unlawful practice." 29 C.F.R. § 1614.201(a). Because more than one year and nine months passed between the time of the alleged discriminatory act and the date when Harris first requested EEO counseling from the Postal Service, the EEOC could not have had notice of Harris's intent to sue within the required 180 days. Therefore, Harris's age discrimination claim under the ADEA must also fail.[3]

---

the complaint at hand and therefore, the court will not consider these later incidents of alleged discrimination.

[3] Even if this suit were not time-barred, the Postal Service's motion for summary judgment would be granted. Harris has proffered no evidence that his termination was a result of

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment will be granted.

A separate Order follows.

   August 28, 2009                                              /s/
Date                                                          Catherine C. Blake
                                                              United States District Judge

---

discrimination on the basis of race, sex, age, or retaliation. Instead, the evidence indicates that Harris was removed from his position because of his attendance problems and possibly because of his previous relationship with his supervisor's wife.